Argued July 17, affirmed October 5, rehearing denied November 3, 1926.

## FRANK W. KEELER *v.* STANLEY MYERS, DISTRICT ATTORNEY, ET AL.

### (249 Pac. 637.)

**Arrest—Search and Seizure of Documents in Connection With Lawful Arrest Held Justifiable, Though They were to be Used as Evidence Before Grand Jury.**

Where plaintiff was legally arrested on a warrant charging him with dealing in securities without a license, search of apartment in which plaintiff resided and seizure of documents then found as an immediate accompaniment of the actual arrest *held* justifiable, though it was proposed to use them as evidence of identical offense then being investigated by grand jury, and charge before magistrate was not being pressed.

---

Arrest, 5 C. J., p. 434, n. 84 New, 89.

Warrant to search as necessary to justify search and seizure incident to lawful arrest, see note in 32 A. L. R. 680.

From Multnomah: ROBERT TUCKER and GEORGE ROSSMAN, Judges.

Department 1.

AFFIRMED.

For appellant there was a brief over the name of *Mr. John M. Pipes,* with an oral argument by *Mr. Martin L. Pipes.*

For respondent there was a brief over the name of *Mr. Stanley Myers,* District Attorney, with an oral argument by *Mr. George Mowry,* Deputy District Attorney.

BURNETT, J.—In substance, the matters involved in this case are as follows: There was pending before the grand jury of Multnomah County an investigation to determine whether or not the plaintiff was guilty of dealing in securities, such as bonds of corporations, without having a license therefor;

that the defendant Myers, district attorney, was apprehensive that the plaintiff here was about to abscond before an indictment could be framed and returned, and that, with this urge, a deputy corporation commissioner appeared before the District Court in Multnomah County and filed an information charging the plaintiff with the commission of the offense above alluded to. The weight of testimony convinces us that it was the identical offense then being investigated by the grand jury. In pursuance of the filing of this information, the magistrate, judge of the District Court, issued a warrant for the arrest of the present plaintiff. Near midnight of that day a deputy sheriff serving under the defendant Hurlburt, who is sheriff of Multnomah County, accompanied by the defendant Myers, proceeded to the residence of the plaintiff in an apartment in the City of Portland and arrested him under the warrant which was in the possession of the deputy sheriff at the time. After taking him into custody, the officer proceeded to search the rooms in which the plaintiff was living and in which he was at the time. He found laying on a dresser in the rooms an unsealed envelope with papers therein. He also found some suitcases in the room which were locked and he directed the plaintiff to open them so that he could ascertain what was in them, but the plaintiff refused to do so. The deputy sheriff thereupon took the plaintiff, together with the suitcases and the envelope containing the papers, to the courthouse where, in the presence of the plaintiff and district attorney, he opened the suitcases and found therein what we may generally describe as municipal bonds, corporate securities and the like, of which the deputy sheriff obtained possession. After many other proceedings, not necessary here to mention, the plaintiff com-

menced this suit, reciting the transaction substantially as above detailed, by which he seeks to recover possession of the property. In addition to the facts stated already, he complains that the arresting officer demanded and received from him at the courthouse on his arrival there $5,000 in cash as bail to secure his presence before the magistrate, after having refused to telephone to the representative of a surety company, who, plaintiff claimed, would have furnished an undertaking for him, and that having deposited the $5,000, he was allowed to go at large, but he contends he was never taken before a magistrate to be admitted to bail and that nothing has been done toward prosecuting the proceeding begun before the magistrate. He concludes therefrom that the proceeding has been abandoned. He avers in substance that the defendant district attorney will use the papers thus obtained as evidence before the grand jury, upon which to base an accusation of felony against the plaintiff. The essence of his contention is that the proceeding was commenced with the sole intention, not of supporting the charge before the magistrate, but of procuring evidence thus to sustain the investigation of the grand jury respecting some other crime than that named in the information. A demurrer to this complaint was overruled, an answer was filed which, after making some denials, virtually reiterates the facts of the complaint and contends that the arrest was lawful; that the search of the rooms in which the arrest was made was a legal concomitant of the act of arrest and that it was justified. This answer was materially traversed by the reply. The Circuit Court dismissed the suit and the plaintiff has appealed.

The arresting officer was armed with a warrant for the arrest of the plaintiff which was fair upon its

face. He arrested the plaintiff in a perfectly lawful and regular manner, showing him the warrant, informing him he was in custody and allowing him to read the warrant himself. The plaintiff here submitted to the arrest without resistance. As approved in the case of *State* v. *Laundy,* 103 Or. 443 (204 Pac. 958, 206 Pac. 290), the search for and seizure of the documents in question in the apartment in which the plaintiff resided and was then found as an immediate accompaniment of the actual arrest was justifiable. The same principle is approved in *State* v. *McDaniel,* 115 Or. 187 (231 Pac. 965, 237 Pac. 373). In the first opinion of the majority of the court in this case, the matter was thus stated by Mr. Justice PIPES, who wrote the prevailing opinion:

"The question is whether the evidence proves an arrest and a search, or a search and arrest. In the former case, the search was legal. In the latter case, it was illegal."

The present case is stronger than that one because here an actual warrant was issued and in the hands of the officer and it is beyond dispute that the arrest was accomplished before there was any effort whatever to search for or seize any property. The gravamen of the plaintiff's complaint is that this property so seized can and will be used as evidence before the grand jury to secure the indictment of the plaintiff for a felony.

We are impressed that the testimony discloses that the matter being investigated before the grand jury was identical with that narrated before the magistrate. We thus have a situation where the plaintiff was legally arrested on a warrant regular upon its face, charging him with the commission of a felony

and in his immediate presence as a part of the *res gestae* of the arrest the officer making the arrest searched his dwelling and, as a result thereof, secured the papers in question. Virtually both parties agree that they are available as evidence in the investigation and trial of the offense indicated. Else why should the plaintiff be seeking to enjoin that very use and the defendants seek to uphold it?

As to the contention that the procedure before the magistrate has been abandoned, the fact is, as disclosed by the testimony, that the plaintiff was allowed to go at large on the deposit of the sum of $5,000. It is not necessary for us to consider whether this was a lawful deposit in lieu of bail or not. He was in fact free from official restraint. He could have gone before the magistrate as a party to the proceeding there pending and could have litigated it to a final determination. It does not lie in his mouth to complain that he was not taken there by official force. On the other hand, having in the auxiliary proceeding before the magistrate accomplished his arrest and the custody of the property in question which is practically admitted is proper evidence to be introduced, the execution of the laws cannot be tied up and obstructed merely because it is proposed to use the evidence in another branch of the same investigation.

The decision of the Circuit Court was right and it is, therefore, affirmed.                    AFFIRMED.

McBRIDE, C. J., and BEAN, J., concur.

RAND, J., on account of sickness, did not participate in this decision.